Good morning. I'm David Nickerson. I represent Appellate Holland. The issue before the Court is very narrow, very small, I would say, so I'll save whatever time I don't use for rebuttal. There's not a whole lot more to be said that's not already in the briefing. Government essentially raises two issues, I think. That is that the remand was a limited remand, and once the Court had decided or had said on the record that it wasn't going to change its sentence, that essentially the proceedings were over and everything after that that the Court said was more or less superfluous. Well, it was the government itself who stepped in at page 54 of the excerpt of record and told the district court that it needed to pronounce sentence again. That's at lines 20 through 24 of page 54. It was the government that told the Court, yes, you have to go ahead and pronounce sentence again, which the Court then did. And I apologize for reading to the Court, but the Court then pronounced sentence on page 56, and it said, so what I did was one year on count one, one year on count two, one year on count three to run consecutively, and one year on each of the other counts to run concurrently. There's nothing ambiguous about that sentence. The Court was very clear it was imposing three one-year terms to run consecutively and all the other terms to run concurrently. Well, the only problem with that is that she made it very clear she wanted to impose the same sentence that she'd imposed before, and she obviously got her mathematics mixed up. And in later proceedings, she made it very clear that she intended the same sentence. So in the whole context, it was a mistake, not ambiguous. It was ambiguous in the whole context. Well, I disagree. There's several things that went on. At the beginning of the hearing, she comes out and says, which the government says, Judge, if you're going to say you don't need to – if you're going to say that you're not going to change your sentence, that's the end of the discussion. And she says that at the very beginning of the hearing. But then that's followed by a whole discussion where the defense raises, well, Judge, when you think about all the time you spent in the halfway house, would that have changed your difference? And that was an issue that wasn't raised in the papers. They brought that up for the first time at the hearing. And they said, look, you spent a lot of time in the halfway house. Why don't you give him credit for that, and would that alter his sentence? And that discussion takes five, six, I don't know, maybe ten pages of the transcript. And it's only after that that she gives the sentence. So I disagree with you that it's clear that she merely said it wrong. Well, but what she actually said even at that point was, I will find that as I found before, it was offense level 22, which led to a guideline range of 51 to 63 months. I'll impose the middle range of that in 60 months in the custody of the attorney general. And then she says one year on count one, one year on count two, one year on count three. So in that very paragraph, she says 60 months. But then she says, oh, all right, so it's count one was 36 months, count two was 57 months. Also, she doesn't say what I'm doing now. She said what I did then. Right. But then she says, oh, that's not right either. So she's clearly ‑‑ Yeah, she said, so what I did was one year. In other words, she is simply trying to recapitulate what she did. So it's at least ambiguous. I don't see how you can say it's ambiguous. When she had the opportunity to address this in December, two months after the sentencing hearing, which, of course, at that point she has no jurisdiction to do anything, she doesn't say, oh, it was ambiguous and I corrected it when I issued the written judgment. That's not what she says. She says I misspoke. I said it wrong. She doesn't say I didn't say it clearly. She says I said it wrong. At one junction. At one junction. That's what she ‑‑ when she comes out on the bench. But only in recounting what she did, not in recounting what she was doing now. What she was doing now is I'll impose the middle range of that, 60 months in the custody of the attorney general. Then when she was trying to explain it, she said, so what I did was one year, so and so, so and so. But in saying what she was doing now, she said I'll impose the middle range of that in 60 months in the custody of the attorney general. But then she said one year, one year, one year. Because in between where you're reading and where I'm reading, she says that's not right either. So when she says ‑‑ As to recounting the past, as to trying to recapitulate her earlier thought process. Okay. But the only thing that she said that was prospective was 60 months. But then she says that's not right. And what does that mean? It's not right that that's how she got there. Now she's trying to figure out how she got there. So it was count one was 60 months. Oh, that's not right. So what I did was one year. So all she's doing at that point is trying to recapitulate her earlier thought process. But she's not doing anything prospective from this moment forward. She is. She's giving him his sentence. She's telling Mr. Holland, who's standing in front of her, this is your sentence. When he left that courtroom. But it just doesn't read that way. When she says, oh, that's not right either, she's changing her mind. She's saying that's not what I meant. What I meant was one year, one year, one year. That's what she clearly says. Anybody standing there hearing what she said is going to think, well, she just imposed a three-year term. Well, I guess we understand your position. One question that I have is probably there shouldn't have been a resentencing at all. But in light of the fact that they changed the restitution and changed the supervised release, would that mean that there should be a resentencing? It seems she had to resentence him because she had to change the restitution. She had to do that in front of him. And she also changed the supervised release. So she had to do that in front of him. So I think when the government stood up and said at page 54, yes, Judge, you have to go ahead and resentence him, the government was right. And then she proceeded to resentence him. And she resentenced him to three years, not to five years, because what she said on the record was three years. Well, I think we've got your point on that. Okay. That's why it's a pretty straightforward issue, Judge. Thank you very much. Thank you. J. Woff, United States, Your Honor. The limited remand, it's very important that we look at what the prior panel did when they affirmed the prior conviction. And I quote the panel. We therefore remand this matter to the district court to make this determination, and if the sentence would have been materially different, comma, to resentence the court accordingly. But this is a little unusual, because as Judge Fletcher noted, there was a need to resentence here on something. There was. And so she had to enter essentially a new judgment, right? Correct. She had to enter an amended judgment, which she entered on November 4th. And she interpreted that to mean, and it doesn't seem totally unreasonable, unlike the usual Ammaline situation, that she had to reimpose the sentence. Because she had to issue a new document. Well, actually, if you look at page 47 and 48 of the excerpt of her record, when we ‑‑ she talked about, the sentencing judge talked about the 60 months on two occasions. The first time, the court said, I'm quite confident that I would have imposed the same sentence and I will impose it again. Well, I guess I don't have to impose it again, since ‑‑ And that's to say, I guess I have to impose it again. To the extent of changing the restitution amount. Then later on in page 56 of the excerpt, again, as the courts pointed out, clearly went to the ‑‑ But you're not just complicating everything by having us consider whether to go back a step. She did, in fact, put out a new sentencing document. Yes. And why we just can't look at what she said orally in that document and say what she said orally was at least ambiguous. I believe we can. Why do we want to go back a step? No, I believe we can. I mean, the written judgment clearly reflects 60 months. And her intent during the sentencing, the resentencing hearing or the Ammaline hearing was clear, 60 months. It's only if ‑‑ I wonder whether you would have had a cross appeal. If your position was that she shouldn't have done what she did, i.e., she should not have issued a new sentence, then I think maybe you would have had a cross appeal. If we were going to go back to the original sentence and say, well, she made a mistake in doing anything more. If there had not been the restitution issue, the sentencing judge would not have had to enter an amended judgment. We all agree on that. That's the only reason the amended judgment was entered. Right. But it was entered is the problem. Correct. Well, it's not a problem. It's consistent with the intent of the sentencing judge during the entire proceeding, Your Honor. So the court ‑‑ I think that the court should affirm that the sentence in this case, the court does have to remand back. There is an error in the supervised release. It should be one year rather than three years. And we all agree to that. Unless you have any further questions, I have nothing further to say. Now, I would assume that he may now appeal again on the issue of reasonableness? Yes. Yes. If they choose to do that. It didn't have to be brought up at this time in this proceeding. Correct. Right. They can do that again. Thank you, Judge. Well, I was correct this was going to be short. I'm sorry, what? I said I was correct that this was going to be short. It's a very narrow issue. I still have trouble with what I hear the court saying, that this was ambiguous. The case that the government relies on is Fenner. And in there they talk about what a quote, unquote, ambiguous sentence would look like. They use language like it's ambiguous if it leads to an absurd result or an illegal sentence. That's not the case here. Well, it's an absurd result to think one year, one year, one year adds up to 60. Well, that would be true. But as the judge said. I mean, that's the only way to read what she said. She said 60 months and then she said one year, one year, one year. As the judge said, she misspoke. She didn't say it was ambiguous. If anybody thought this was ambiguous at the time, they had seven days to correct this. The government could have come in under Rule 35 and said, hey, judge. They could have even stood up that day and said, judge, what you just said doesn't make sense. Would you please clarify what you're saying? The government didn't object. Nobody said anything. They could have come in for seven days and said, judge, it wasn't clear. Would you make clear what you meant? They didn't do that. Well, that's an interesting question. As I understand it, those two lines of cases have don't meet. The ambiguous cases don't seem to require Rule 35 motion, right? They don't. They don't require Rule 35 motion. But clearly, that's what Rule 35 is there for. If something isn't right, you have seven days to correct it. The judge can go back and say, well, I said one year, one year, one year. What I meant, that was I misspoke. What I meant was five years. She had seven days to do that. The government had seven days to bring it up and they didn't because nobody thought her sentence was ambiguous. I find it a little difficult to come back now and say it was ambiguous. If you're going to rely on what she said in December as opposed to October. Doesn't Rule 35 have its own built-in time limitation? Yes, it's seven days. I thought that's Rule 8. It's 35A. I've got the numbers. 35A says you can correct or amend the sentence for error. Right. Clerical error. And clearly, she said, I misspoke. That's exactly the kind of error that Rule 35 is talking about. It happens all the time. They discover it much later. You know, supervised release. I've had instances where the probation department discovers it and nobody else does. Only when the defendant is let out and said, Judge, you know, the sentence was improper under the guidelines in those days about supervised release. I don't know the answer to that. You're talking about years later when he's done serving his sentence and now it's time to be on supervised release and somebody looks at it and says. Well, you're making the argument that they should have done something within eight days. Okay. I'm making the argument that they could have done something if they thought it was ambiguous. Nobody thought it was ambiguous and nobody saw any reason to do anything. The Court has nothing further. That's about it. Thank you very much. Thank you. Thank you, counsel. The case of United States v. Holland is submitted. We will now go to United States v. Herrera.
judges: B. Fletcher, Berzon, Trager